UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADI RAIBSTEIN PERALTA | CIVIL ACTION |
| VERSUS | NO. 23-1395 c/w 23-3073 |
| SUPREME OFFSHORE SERVICES, INC., ET AL. | SECTION: "P" (4) |

## ORDER AND REASONS

Before the Court is the Motion for Extension of Expert Report Deadline[1] filed by Defendant, Supreme Offshore Services, Inc. ("Supreme"). The motion was set for submission on March 11, 2026.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making March 3, 2025 the deadline in this instance. Plaintiff Adi Raibstein Peralta did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 68.
[2] R. Doc. 68-2.
[3] Supreme moves this Court to extend the defense expert report deadline by 30 days to permit time for its vocational rehabilitation expert to conduct an independent vocational rehabilitation examination of Plaintiff prior to preparing his or her expert report. Defendants' expert report deadline is currently March 16, 2026. Supreme contends its vocational rehabilitation expert timely requested the vocational rehabilitation exam in January and that Supreme's counsel sent two follow-up emails in February that went unanswered. After the parties discussed the Plaintiff's objections to the examination in person in mid-to-late February, they were unable to reach a resolution, and Supreme filed a motion to compel the evaluation. That motion is also set for submission on March 11, 2026. Supreme avers it is prejudiced from meeting the current expert report deadline as a result of Plaintiff's failure to attend the vocational rehabilitation evaluation and the resulting motion to compel, which is currently pending.
   Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). To show good cause, the party seeking to modify the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In considering such requests, courts in the Fifth Circuit examine four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation modified).
   The Court finds Supreme has satisfied the good cause standard based upon the showing in its motion. There being no timely objection to Supreme's motion, the Court *sua sponte* considered the potential prejudice in allowing the modification, and the Court concludes the only prejudice is to Plaintiff's ability to meet its rebuttal expert report

**IT IS ORDERED** that Supreme's Motion for Extension of Expert Report Deadline (R. Doc. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order (R. Doc. 45) is **MODIFIED**, and the following expert report deadlines are **EXTENDED** as set forth below:

- Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **APRIL 15, 2026.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

- Written rebuttal reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant no later than **MAY 14, 2026.** Plaintiff is cautioned that rebuttal reports should be strictly limited to opinions in response to the Defendant's expert reports.

**IT IS FURTHER ORDERED** that all other dates and deadlines in the Scheduling Order remain unaffected by this Order.

New Orleans, Louisiana, this 4th day of March 2026.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

deadline, which is currently April 14, 2026. Nevertheless, the Court finds this prejudice can be cured by also extending Plaintiff's rebuttal deadline by 30 days. Accordingly, the Court grants Supreme's motion and extends the defense expert report deadline and the rebuttal expert report deadline as set forth herein.